IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MMAGINE LLC d/b/a MMAGINE MUSIC, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. 3:06-0482 ) JUDGE ECHOLS/KNOWLES ) |
| LANCE GILBREATH p/k/a BUCKLER BRISTOL STREET PRODUCTIONS; and CROSSLIGHT PROMOTION, | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court following the entry of an Order on July 27, 2006, which granted the Motion of Plaintiff's counsel to withdraw. Docket No. 23. That Order stated in pertinent part as follows:

> Plaintiff is a limited liability company, and, as such, it must have counsel, as it cannot represent itself. Therefore, Plaintiff shall retain counsel to represent it, which counsel shall enter an appearance in this case within thirty (30) days of the entry of this Order. If new counsel representing Plaintiff fails to enter an appearance within thirty (30) days of the entry of this Order, the undersigned will recommend that this action be dismissed for failure to follow this Order and for failure to prosecute.

*Id*.

New counsel representing Plaintiff has not entered an appearance.

Fed. R. Civ. P. 41(b) provides that an action may be dismissed "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court . . . ." In determining whether to

dismiss a case as a sanction for failure to prosecute under Rule 41(b), a court should consider four factors: (1) whether the party's failure was due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See Nader v. Land*, 433 F.3d 496, 501-02 (6th Cir. 2002).

First, it appears that Plaintiff's failure to follow this Court Order was due to willfulness or fault. When Plaintiff's counsel was allowed to withdraw, the Court entered an Order explaining that it was necessary for Plaintiff to retain new counsel. The record indicates that a copy of the Order was to be sent to Plaintiff by the Clerk, and the Court presumes that Plaintiff's withdrawing counsel also sent a copy of the Order to their client. Thus, it appears that Plaintiff's failure to retain new counsel was due to Plaintiff's willfulness or fault.

Second, Defendants have been prejudiced by Plaintiff's conduct. Defendants cannot proceed in their defense of this case until Plaintiff has counsel.

Third, Plaintiff was warned that its failure to cooperate could lead to dismissal. As discussed above, the Court's previous Order specifically provided that, if new counsel failed to enter an appearance within thirty (30) days of the entry of the Order, "the undersigned *will* recommend that this action be dismissed for failure to follow this Order and for failure to prosecute." Docket No. 23 (emphasis added).

Finally, less drastic sanctions were imposed or considered. Specifically, the Court's previous Order gave Plaintiff thirty (30) days within which to retain counsel, and required Plaintiff's counsel to enter an appearance within that time period.

2

For all the foregoing reasons, the undersigned recommends that this action be DISMISSED for failure to prosecute and for failure to comply with an Order of the Court, pursuant to Fed. R. Civ. P. 41(b).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
E. Clifton Knowles
United States Magistrate Judge

3